THE MAYOR, ALDERMAN, AND COMMONALTY OF THE CITY OF NEW YORK, *against* STAPLES.

New-York
v.
Staples.

ON demurrer to the defendant's second plea. The action was debt for $500, under the 252d section of the act to reduce the several laws, relating particularly to the city of *New-York*, into one act. (2 *R. L.* 441.) The declaration recited the 251st, 252d and 255th sections of that act; together with the 1st and 4th sections of the statute, (*sess.* 43, *ch.* 222;) and averred that the defendant was master of the schooner *Penobscot Packet*; and on the 1st of *July*, 1823, he arrived in the port of *New-York* from *Halifax*; and entered the schooner at the custom house. That a certain alien was brought in the schooner; and suffered to land before any bond had been given, as required by the 252d section, though it was required by the mayor, in the penalty of $300; and without any permission in writing from the mayor or recorder as required by that section.

The second plea was, that neither the mayor nor recorder of *New-York* ever required the bond from the defendant, concluding with a verification.

Demurrer and joinder.

*M. Ulshoeffer*, in support of the demurrer. The master had no right to land an alien passenger, without both a bond and permission in writing under the 252d section. The permission is the only evidence that the bond is dispensed with. The plea is also bad, because it justifies, without confessing the landing. If we were bound, in assigning the breach, to negative both bond and permission, by the master, for the mayor or recorder to require a bond; when it must be given. If not required, or if required and given, the master must then demand a permission in writing from the mayor or recorder, to land his passenger; when, if it be granted or refused, he may land. But a permission, or demand and refusal, is essential to the right. A bond only, or neglect to demand one, is not enough.

The statute is not, in this respect, void, as being contrary to the constitution of the United States.

If a master of a ship, or other vessel, arriving from a foreign country, or any other of the United States, who shall enter his vessel at the custom house in the city of *New York*, suffer an alien passenger to land there, without giving, if required, pursuant to the statute, (*sess.* 36, *ch.* 86, *s.* 252, 2 *R. L.* 441,) such bond as is required by that section, or without such permission in writing as is required by that section, unless it be refused on demand, he incurs the penalty of $500, mentioned in that section. The course to be pursued under the 251st, and 252d sections of that act, as to an alien passenger, is, on request

the plea must be equally broad. (1 *Chit. Pl.* 327. *id.* 509. 20 *John.* 206  18 *id.* 30.)   As a plea to the whole declaration, we could not traverse it.   Unless the negative to a permission is mere surplusage, it should be met.   (3 *John. Rep.* 206.  2 *East*, 452.)   The defendant at least should have shown by his plea, that he applied to the mayor or recorder for a permission.   Till that is done, they know nothing of the landing.   The statute should be construed according to the reason of the case.   (3 *Cowen*, 89.)   The excuse must be fully shown.   (1 *Gall.* 157.)   A permission, if granted, should have been pleaded in the very words of the statute. (6 *T. R.* 720.)

*R. Sedgwick* and *H. D. Sedgwick*, contra.   If the master reports his passengers, and the mayor and recorder neglect to require a bond, the penalty does not attach.   A permission is never required after the master has reported his passengers, unless a bond is first required by the mayor or recorder, and the penalty is named, and the master delays or neglects to give the bond.   The naming of the penalty, and requiring the bond, should precede the action for the penalty of the statute.   This being denied by the plea, it is sufficient.   They cited *Bac. Abr. statute* (I) *pl.* 10.

They also contended that the statute is unconstitutional and void.   (*Gibbons* v. *Ogden*, 9 *Wheat. Rep.* 1.)

*Curia, per* WOODWORTH, J.   The act relative to the city of *New-York*, (2 *R. L.* 440, *s.* 251,) declares, that every master or commander of any ship, or other vessel, arriving from a foreign country, or from any other of the *United States*, shall, in the manner specified by that section, make a report of every person who shall have been brought as a passenger.   The 252d section declares, that the mayor, or, in case of his sickness or absence, the recorder, may require every such master to be bound with sureties, in a sum not exceeding $300 for each passenger, to indemnify and save harmless the plaintiffs from all expense and charge which may be incurred for the maintenance and

support of the person imported, in case such person shall, within two years, become chargeable ; and if any such person, so brought, and not being a citizen of the *United States*, shall be permitted or suffered to land within the city, from any such ship or vessel, before such bond shall have been given, and without a permission in writing, from the mayor or recorder, the master or commander shall be subject to the penalty of $500.

UTICA,
Aug. 1826.
New-York
v.
Staples.

The declaration alleges, that the defendant was master of a schooner ; that he arrived at *New-York* from *Halifax*, and brought an alien passenger, who was permitted to land before such bond was given, although it was required, and without a permission in writing from the mayor, or recorder.

The defendant pleads that neither the mayor nor recorder ever required the bond. To this plea there is a demurrer.

The decision of this cause depends on the construction to be given to the act. The course contemplated by the statute to be pursued, appears to be this: On making the report by the master, the mayor or recorder should require a bond to be given, in a sum not exceeding $300. As the penalty rests, in part, in their discretion, it is necessary that the master be informed in what sum he is required to be bound, before he can comply with the law. This part of the act relates to the duty imposed on the the mayor or recorder. By the demurrer, it is conceded they have neglected the duty. Consequently, the defendant had not the information, requisite to enable him to execute such a bond as the statute requires.

If the act had merely directed the master to execute the bond, on being required, the defence would be complete. But the act goes farther ; and makes the master liable, if the passenger is suffered to land without a permission in writing. There must be a bond, and also a permission in writing. The act is not in the alternative. Both requisitions must be complied with. If the mayor or recorder neglect to require a bond, or dispense with it, that is a

sufficient excuse for the master, so far as respects the bond ; on the principle, that if he who is to do the first act, prevents the act which is to follow on the other side, or is the cause of its non-performance, he shall never urge the the omission as a breach. The liability then, if any, arises on the want of a permission in writing. The legislature have thought proper to require it in express terms. Whether it has the appearance of unnecessary strictness, we do not stop to inquire. It was, undoubtedly, considered as an additional precaution, adapted to the exigency of the case. After giving the bond, or after a neglect to require it, the master would have a right to demand the written permission. If it should be withheld, and if the refusal should be persisted in, he would then be justified in landing his passengers, on the ground that the plaintiffs, having refused a permission, which it was their duty to grant, and the master, having done every thing on his part required to be done, according to the intent and spirit of the act, the forfeiture is not incurred. The defendant here, has not placed his defence on this ground. The plea concedes there was no permission to land given : whether, by reason of a refusal to grant it, on request, or the omission of the defendant to make the request, does not appear. No cause is assigned. The plea, therefore, is defective in substance.

Judgment must be entered for the plaintiffs, with leave to the defendant to amend, on payment of costs.

Judgment for the plaintiffs.