WILLIAM PURCELL *against* STEPHEN POTTER.

An authority to execute an instrument under seal, must be itself under seal.

A sealed demise, executed under a parol authority, does not preclude evidence of a parol demise, which, when accompanied by occupancy, is sufficient.

Where a bulkhead, at the same time, formed the side of a street or public highway, it was held, that an incumbrance of such bulkhead was a public nuisance, and the lessee could not claim damages without proof of special injury.

A remedy given by statute, does not supersede a remedy, already existing at common law, for the same injury.

CASE "for putting divers large quantities of boards and lumber upon a bulkhead of plaintiff, so as to prevent him from using it, and thereby hindering and obstructing vessels from loading and discharging there."

Plea, not guilty.

The plaintiff, to establish his title to the bulkhead, produced a demise, under seal, signed "J. B. Taylor, attorney for J. J. Astor," and, having proved the hand-writing, offered it in evidence.

The defendant insisted that the authority of Taylor, under seal, ought to be produced.

JONES, C. J. You must show proper authority in the attorney, and this can only be done by producing a power under seal. This is a well established rule.(1)

The plaintiff then examined Taylor, the attorney, who testified that he was the general agent of Astor, by parol. He, however, also stated that he, as such agent, had demised the premises to the plaintiff, who had occupied, pursuant to that demise, and paid rent.

JONES, C. J. The sealed demise is void, for want of power, but the parol demise and the occupancy are sufficient. The following facts were then proved : The bulkhead, in question, forms the west front of West street, on the North River, between Charlton street and King street. The right to the wharfage of this portion was granted, by the corporation of the city of New York, to Mr. Astor, in

(1) A written or parol authority is sufficient to authorize a person to make a simple contract, as agent or attorney, and to bind his principal thereby, without a letter of attorney under seal. Chitty's Attorney, C. 5.

A seal is not necessary for the conveyance of a chattel, and, therefore, a parol power is sufficient. *Van Ostrand* v. *Reed*, 1 Wend. 431.

But an authority, to execute a deed, must be given by deed to render the deed valia. Ib. *Cooper* v. *Rankin*, 5 Binn. 615.

A power under seal was always necessary, at the common law, to enable the attorney to make livery of seizin : This distinction, between the disposal of real and personal property which rests upon the common law, probably originated in the superior estimation in which real estate was held in earlier days.

The act of impressing the seal imported greater deliberation, and, therefore, naturally attended the transfer of that which was the most invaluable possession.

August, 1810, and he had demised it to the plaintiff, from year to year, since May, 1831.

The defendant was one of several extensive dealers in lumber, who, for the convenience of their business, had established lumber yards on the opposite side of West-street, having this bulkhead in front, where sloops and other vessels were in the habit of landing their cargoes of lumber, for which they paid wharfage to the plaintiff.

From April until late in the fall of each year, (which is the period during which the navigation of the Hudson allows the lumber trade to be carried on,) the plaintiff proved that this bulkhead was continually covered with lumber. But it also appeared that upwards of one hundred vessels resorted to this bulkhead to discharge cargoes of lumber belonging to defendant and other lumber merchants established there; that so soon as one cargo was removed, another was landed, so that at no time during all the period complained of by the plaintiff in his declaration, a period of about four years, was the bulkhead unincumbered during the business season.

The plaintiff then insisted that the successive cargoes were not removed with proper diligence, and that the bulkhead was thereby rendered of less value to him, and, in order to show the extent of his damage, called witnesses to show the produce of other bulkheads, which evidence he proposed to follow up by proof of the inferior produce of this bulkhead and to claim the difference.

Jones, C. J. Such evidence is entirely inadmissible. This bulkhead is the boundary of a public street, and the incumbrance complained of, if it exists, is an incumbrance

of the public highway, and, therefore, a public nuisance; for such an incumbrance an individual may have an action, if he can show that he has sustained a special damage. This is no way to prove such damage; it is altogether too vague and uncertain.

The plaintiff then proved that, during the time mentioned in his declaration, many vessels were anxious to discharge cargoes, at the bulkhead in question, but could not do so. It was very dubious, however, whether this proceeded from a prior occupancy by other vessels or from the quantity of lumber on the wharf. In order, however, to bring such incumbrances home to the defendant, the plaintiff proved that, on one occasion, a cargo was landed for him, and that, the sloop having been detained two days by adverse winds, a part of it still remained incumbering the bulkhead at the departure of the sloop. He also proved that the defendant sometimes sold his lumber while lying on the bulkhead.

The defendant, on this case, moved a non-suit on several grounds:

1. That the statute, relating to wharves in New York, gave the only and proper remedy under corporation grants; viz. the right to remove the obstruction, at the expense of the owner, after notice. Vol. 2, R. L., p. 431, sec. 235.

2. That the declaration complains of defendant putting lumber, &c., on the bulkhead, and the evidence clearly shows a license from plaintiff so to do.

3. That no proper evidence of damages, for the jury to act upon, had been offered, and that the quality of the evidence was, in this case, a question for the court.

The court, however, ruled that the remedy given by the

statute, did not supercede the common law remedy;(2) that, as to the incumbrance itself and its excess beyond the license, the question was for the jury, and that although the evidence of damage was feeble, still it was enough in the first instance.

The defendant then produced a record of a judgment for defendant, on a verdict, in the common pleas, in an action brought by the plaintiff against him, in which the pleadings were precisely the same as in this case, and covering a large portion of the time embraced in the present declarations.

The plaintiff opposed this evidence, and insisted that it ought to have been pleaded.

Defendant cited 1 Chitty on Pleadings, 432; 2 Stark. on Ev. 360.

JONES, C. J.    I do not see how this matter could be pleaded; it only goes to part of your claim.    It is good evidence, as far as it goes, under the plea of not guilty, defendant having been acquitted *pro tanto*.    The courts have

(2) The statute, referred to, provides, that if any wharf in the city of New York, shall be encumbered with lumber or other articles, so as to incommode the loading or unloading of vessels, the owner, after notice, &c., may remove the same and keep them in custody till the charges of removal and storage are paid.    It will be here observed, that there is nothing in this act making it compulsory in the owner of the wharf to pursue this remedy, it is, therefore, cumulative merely, and not exclusive; and with regard to such statute remedies, the rule is clear "if a statute gives a remedy in the affirmative (without a negative express or implied,) for a matter which was actionable by the common law, the party may sue at the common law as well as upon the statutes, for this does not take away the common law remedy.    *Crittenden* v. *Wilson*, 5 Cow. 169.

been verging very fast to the establishment of the rule, that every thing touching the merits may be given in evidence under the general issue.

The defendant, in addition, proved due diligence generally on his part, in removing his cargo in convenient season after they were landed, and that whatever obstruction occurred, was the necessary result of the extent of the peculiar business carried on at that bulkhead.

The court then directed the jury, that, to entitle the plaintiff to recover, he was bound to prove three things:

1. An incumbrance by the defendant.

2. A specific injury sustained by plaintiff from such obstruction.

3. The extent of that injury.

That, if this had been an incumbering of a private way, the jury might, from general proof of incumbrance, give damages at large. But, this being a public highway, a different rule applied, and it was the duty of the plaintiff to show a precise and special damage arising from an obstruction by the defendant.(3)

Verdict for defendant.

*Sherwood* and *Russel,* for plaintiff.

*Anthon* and *Cutting,* for defendant.

(3) The case of the *Albany Basin, Lansing* v. *Smith,* (4 Wend. 9,) will be found to bear some resemblance to the principal case.

The dissenting opinion of senator Allen, in that case, shadows forth a subtle point in relation to the rights of the plaintiff in the principal case. It is

Purcell v. Potter.

not much elaborated, but seems to assume this form, that a grant to an individual of a matter of public interest, every invasion of which, before the grant, would have been necessarily a public nuisance, causes the grantor to be so far a representative, *quoad hac*, of the public, that such acts become, as to him and his rights, a private nuisance, and evidence of his own particular damage within the rule.   Be this, however, as it may, the rule in ordinary cases, as asserted by the learned chief justice, is well established, that every individual, who receives actual damage from a public nuisance, may maintain a private suit for his own injury upon proof of damage peculiar to himself.   This point is elaborately discussed by Sutherland, J., in his opinion on this case in the supreme court, where all the authorities are reviewed.   5 Cow. 146.